## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS MICHAEL BRIDGEFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **CONSOLIDATED** |
| v. | ) Civ. Action No. 10-164-GMS |
| | ) |
| AMERICAN EDUCATION SERVICES | ) |
| SUPERVISOR DAVE ID #13955, | ) |
| U.S. DEPARTMENT OF EDUCATION, | ) |
| DIRECT LOANS GROUP, and BEN | ) |
| GABLE, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

The plaintiff Otis Michael Bridgeforth ("Bridgeforth"), filed this consolidated lawsuit

alleging due process violations, race discrimination, and breach of contract.[1] (D.I. 2.) He

appears *pro se* and has been granted leave to proceed without prepayment of fees pursuant to 28

U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint pursuant to 28

U.S.C. § 1915.

## **I. BACKGROUND**

Bridgeforth received student loans on an unknown date and, in May 2008, the defendant

American Education Services ("AES") placed his student loans in default status. Bridgeforth

alleges that in September 2008 the defendants U.S. Department of Education ("DOE"), Direct

Loans Group ("DLG"), and Ben Gable ("Gable") placed Bridgeforth's deferred payment student

loans in default. Bridgeforth alleges that he "never violated any promissory note," never had a

---

[1]The court recently consolidated Civ. No. 10-164-GMS and 10-193-GMS as the cases
involve common questions of fact or law.

payment schedule, and is not delinquent with any payment history. He alleges that he made no arrangements nor agreed to begin making payments. Exhibits to the complaint indicate that Bridgeforth's loans were transferred to the DOE's Debt Collection Service due to delinquency. (Civ. No. 10-193-GMS, D.I. 2, ex. 1.)

Bridgeforth was an inmate incarcerated within the New York Department of Correctional Services ("NYDOC").[2] During his incarceration, Bridgeforth was indigent, restricted from telephone calls, and could not send personal correspondence. He alleges that the defendants made no attempt to contact him through written communication. Apparently, on March 1, 2010, Bridgeforth spoke to someone from AES who indicated that Bridgeforth had been notified of the impending default while he was incarcerated in upstate New York. Bridgeforth states this is false. He also alleges that the DOE, DLG, and Gable did not attempt to contact him. Bridgeforth alleges that on March 8, 2010, during a telephone conversation, he was advised by DOE, DLG, and Gable, that he was in default for being delinquent on a scheduled payment.

Bridgeforth wishes to take 2010 summer courses at the Delaware Technical and Community College but AES, as the primary loan provider, "won't allow" Bridgeforth to accept or receive funds. On an unknown date, the defendant "Dave," a supervisor in customer service, screamed and called Bridgeforth a racial slur. Bridgeforth alleges that racial animus and malicious motives have compelled AES and Dave to deprive him of the ability to receive AES funds. He seeks expungement of his student loads and compensatory damages.

---

[2]NYDOC records indicate that Bridgeforth began his incarceration on December 10, 2007, and was released on February 11, 2010. http://nydocslookup.docs.state.ny.us.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bridgeforth leave

-3-

to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Bridgeforth has a "plausible claim for relief."[3] *Id.* at 211. In other words, the complaint must do more than allege Bridgeforth's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[3]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

-4-

### III. DISCUSSION

#### A. Due Process

The allegations fail to allege a due process violation.  To state a procedural due process claim, a plaintiff must establish that he was (1) deprived of life, liberty or property; and (2) that this deprivation occurred without due process of law.  *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982) (court must undertake a "two-part inquiry" to "determine whether [the plaintiff] was deprived of a protected interest, and, if so, what process was ... due.")  The complaint contains no allegations of a deprivation or any attempts to collect on the delinquent debt.

Additionally, to the extent Bridgeforth alleges a due process claim against AES and Dave, the claims fail.  The complaint does not state the source from which Bridgeforth contends his right to procedural due process derives in this case.  If the source is the United States Constitution, the due process claim fails for the simple reason that AES and Dave are not state actors.  *See West v. Atkins,* 487 U.S. 42, 48, (1988); *Shaw v. Strackhouse*, 920 F.2d 1135, 1142 (3d Cir. 1990).  Finally, while Bridgeforth alleges that, due to the outstanding debt, he is precluded from receiving other student loans, he does not have a property interest in receiving a loan.  *See DeJournett v. Block*, 799 F.2d 430, 431-32 (8th Cir. 1986).

For the above reasons, the court will dismiss the due process claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

#### B. Breach of Contract

Bridgeforth refers to student loans, and liberally construing the complaint, at least as to AES, it appears he speaks to a breach of contract.  The complaint, however, contains no

-5-

particulars regarding the contract and it is unclear if the contract was entered into in Pennsylvania
or Delaware.

To state a claim for breach of contract under Pennsylvania law, a plaintiff must allege:
"'(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by
the contract[,] and (3) resultant damages.'" *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d
Cir. 2003) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct.
1999)). To state a claim of breach of contract under Delaware law, Bridgeforth must allege: (1)
the existence of the contract, whether express or implied; (2) the breach of an obligation imposed
by that contract; and (3) the resultant damage to him. *VLIW Tech., LLC v. Hewlett-Packard Co.*,
840 A.2d 606, 611 (Del. 2003).

Under Pennsylvania law, in order to proceed with its claim that AES breached its
contractual duties, Bridgeforth must first allege that a contract in fact existed, including its
essential terms. This he has failed to do. Under Delaware law, general allegations may suffice,
but the complaint as currently pled is difficult to understand.

Additionally, it is unclear if the parties are diverse pursuant to 28 U.S.C. § 1332. The
face of the complaint indicates that Bridgeforth and AES are citizens of different states. The
caption of the complaint names "Dave" as a defendant, but the body of the complaint does not
provide his address. Hence, it is unclear if he and Bridgeforth are citizens of different states or
even if he intends to name "Dave" as a defendant. Accordingly, the court will dismiss the breach
of contract claim for failure to state a claim upon which relief may be granted pursuant to 28
U.S.C. § 1915(e)(2)(B).

-6-

However, since it appears plausible that Bridgeforth may be able to articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## C. Race Discrimination

The complaint alleges, generally, race discrimination. Bridgeforth states that "Dave" directed a racial slur towards him, and this one statement seems to be the basis for his race discrimination claim.

Section 1981 forbids discrimination on the basis of race in the making of public and private contracts. 42 U.S.C. § 1981; *see St. Francis Coll. v. Al-Khazraji,* 481 U.S. 604, 609 (1987); *Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 385 (3d Cir. 1999). In order to state a claim under § 1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts. *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

In the instant matter, Bridgeforth has alleged that "Dave" uttered a racially offensive remark during a student loan discussion. This allegation raises the specter that Dave may have deprived Bridgeforth of the ability to access future student loans on an improper basis, but the scant allegations are simply inadequate for proper response by a defendant. Accordingly, the court will dismiss the race discrimination claim for failure to state a claim upon which relief may

-7-

be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).  Again, since it appears plausible that Bridgeforth may be able to articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend his pleading.  *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## IV.  CONCLUSION

For the above stated reasons the court finds that the due process claim lacks an arguable basis either in law or in fact and the court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  Amendment of the due process claim would be futile.  *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).  The court will dismiss the breach of contract and race discrimination claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).  Bridgeforth will be given leave to amend the breach of contract and race discrimination claims as set forth in the body of this memorandum.

An appropriate order will be entered.

CHIEF UNITED STATES DISTRICT JUDGE

_May 27____, 2010
Wilmington, Delaware

-8-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

OTIS MICHAEL BRIDGEFORTH,          )
                                   )
          Plaintiff,               )
                                   )
     v.                            ) Civ. Action No. 10-164-GMS
                                   )
AMERICAN EDUCATION SERVICES        )
and SUPERVISOR DAVE ID #13955,     )
                                   )
          Defendants.              )

**ORDER**

At Wilmington this 27ᵗʰ day of ____May____, 2010 for the reasons set forth in the

Memorandum issued this date,

IT IS ORDERED that:

1. The due process claim is **dismissed** as frivolous pursuant to 28 U.S.C. §

1915(e)(2)(B). Amendment of the due process claim would be futile. The United States

Department of Education, Direct Loans Group, and Ben Gable are **dismissed** as defendants.

2. The breach of contract and race discrimination claims are **dismissed** without prejudice

for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §

1915(e)(2)(B).

2. Plaintiff is given leave to **amend** the complaint as to the breach of contract and race

discrimination claims. The amended complaint shall be filed within **thirty (30) days** from the

date of this Order.  If an amended complaint is not filed within the time allowed, then the case

will be **closed**.

CHIEF, UNITED STATES DISTRICT JUDGE