IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS MICHAEL BRIDGEFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **CONSOLIDATED** |
| v. | ) Civ. Action No. 10-164-GMS |
| | ) |
| AMERICAN EDUCATION SERVICES | ) |
| SUPERVISOR DAVE ID #13955, | ) |
| U.S. DEPARTMENT OF EDUCATION, | ) |
| DIRECT LOANS GROUP, and BEN | ) |
| GABLE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff Otis Michael Bridgeforth ("Bridgeforth"), filed this consolidated lawsuit

alleging due process violations, race discrimination, and breach of contract. (D.I. 2.) He appears

*pro se* and has been granted leave to proceed without prepayment of fees pursuant to 28 U.S.C. §

1915. (D.I. 5.) An amended complaint was filed on June 28, 2010. (D.I. 8.) The court proceeds

to review and screen the amended complaint pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

Bridgeforth received two student loans on an unknown date and, in May 2008, the

defendant American Education Services ("AES") placed his student loans in default status.[1]

Bridgeforth alleges that in September 2008 the defendants U.S. Department of Education

("DOE"), Direct Loans Group ("DLG"), and Ben Gable ("Gable") placed Bridgeforth's deferred

---

[1]AES is a division of the Pennsylvania Higher Assistance Agency ("PHEAA"). It is a
full-service financial aid organization. The PHEAA serves students and schools nationally
through its state grant, guaranty, servicing, and financial aid processing systems.
www.aesuccess.org; www.pheaa.org.

payment student loans in default. Following an initial screening, on May 27, 2010, the court

dismissed the complaint. (D.I. 7.) Bridgeforth was given leave to amend two claims; a breach of

contract claim and a race discrimination claim. With regard to the breach of contract claim, the

court noted that the original complaint contained no particulars and it was unclear if the contract

was entered into in Pennsylvania or Delaware. It also noted that it was not clear if the parties

were diverse. As to the race discrimination claim, the court noted that the scant allegations did

not state a claim. A due process claim was dismissed as frivolous and Bridgeforth was not given

leave to amend that claim. Bridgeforth's amended complaint again raises the frivolous due

process claim. It will not be considered by the court.

The amended complaint alleges that each defendant committed a breach of contract when

they intentionally placed Bridgeforth's deferred payment student loans into default status.

Bridgeforth alleges that he never dropped out of school and, therefore, is not delinquent with his

payments. He alleges the parties never established an agreement to collect because he is a full-

time student. The complaint states that the student/plaintiff (i.e., Bridgeforth) was incarcerated

within the New York Prison system from 2007 through 2010.[2] Bridgeforth refers to the essential

terms of the "MPN" description of the contract and that these terms will be available during the

discovery phase and must be provided by defense counsel, but the amended complaint does not

set forth the terms. Exhibits to the original complaint indicate that Bridgeforth's loans were

transferred to the DOE's Debt Collection Service due to delinquency. (Civ. No. 10-193-GMS,

D.I. 2, ex. 1.)

---

[2]New York Department of Correctional Services records indicate that Bridgeforth began
his incarceration on December 10, 2007, and was released on February 11, 2010. *See*
http://nydocslookup.docs.state.ny.us.

Bridge alleges that he is an African American male and that Dave, an AES employee, intentionally directed racial slurs towards him "out of the line of duty" causing him emotional anguish and suffering. Bridgeforth alleges that during questioning, Dave violated his right to enforce the promissory note and provided misleading student loan status information to him.

Bridgeforth sues the DOE for breach of contract, and AES and Dave for breach of contract and discrimination.[3] The original complaint also named Direct Loans Group ("DLG"), and Ben Gable ("Gable") as defendants but they are not mentioned in the amended complaint.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v.*

---

[3]The amended complaint also raises a due process claim against the DOE previously dismissed as frivolous. (*See* D.I. 7.)

*Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080,

1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's

pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §

1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions.

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6)

standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before

dismissing a complaint or claims for failure to state a claim upon which relief may be granted

pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bridgeforth leave

to amend his complaint unless amendment would be inequitable or futile. *See Grayson v.*

*Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See*

*Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals

of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949.

When determining whether dismissal is appropriate, the court conducts a two-part analysis.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the factual and legal

elements of a claim are separated. *Id.*  The court must accept all of the complaint's well-pleaded

facts as true, but may disregard any legal conclusions. *Id.* at 210-11.  Second, the court must

determine whether the facts alleged in the complaint are sufficient to show that Bridgeforth has a

"plausible claim for relief."[4]  *Id.* at 211.  In other words, the complaint must do more than allege

Bridgeforth's entitlement to relief; rather it must "show" such an entitlement with its facts.  *Id.*

"[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to

relief."  *Iqbal*, 129 S.Ct. at 1949  (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Sovereign Immunity

The DOE, a federal agency, is immune from suit.  The amended complaint does not

allege that the DOE has waived its immunity under 20 U.S.C. § 3411.  "Absent a waiver,

sovereign immunity shields the Federal government and its agencies from suit."  *Federal Deposit*

*Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994).  The court will dismiss the claims against the DOE

as frivolous pursuant to 28 U.S.C. 1915(e)(2)(B) as it is immune from suit.

### B. Federal Statutory Claims

Bridgeforth does not refer to any federal statute under which he might recover.  Even if he

had, it does not appear that this court could provide an avenue for relief.  For example, to the

extent Bridgeforth attempts to raise a claim under the Higher Education Act of 1965, 20 U.S.C.

§§ 1601-1700, said act does not grant individuals a private right of action to enforce violations of

---

[4]A claim is facially plausible when its factual content allows the court to draw a
reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 129 S.Ct. at
1949 (quoting *Twombly*, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer
possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are
'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and
plausibility of 'entitlement to relief.'"  *Id.*

its statutory scheme. 10 U.S.C. § 1082(a)(2). *See Morgan v. Markerdowne Corp.*, 976 F. Supp. 301, 319 (D.N.J. 1997).

Similarly, Bridgeforth cannot prevail under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Actions to enforce liability under the FDCPA "may be brought 'within one year from the date on which the violations occurs.'" 15 U.S.C. § 1692k(d). Here, Bridgeforth alleges that his student loans were placed in default in May and September 2008, yet he did not file this lawsuit until March 1, 2010. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." *Smith v. Delaware County Court*, 260 F. App'x 454 (3d Cir. 2008); *Wakefield v. Moore*, 211 F. App'x 99 (3d Cir. 2006) (citing *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). It is evident from the face of the complaint that any potential FDCPA claims are barred by the one year limitations period.

For the above reasons, the court finds that Bridgeforth has failed to state a federal statutory claim.

## C. *Twombly* and *Iqbal*

The amended complaint fails to cure the pleading deficiencies contained in the original complaint. The amended complaint is merely a rehash of the original complaint with conclusory allegations. Once again, there are insufficient factual allegations to support either a breach of

contract claim or a race discrimination claim.  In addition, two of the defendants, Ben Gable and

Direct Loans Group, are not mentioned in the amended complaint.  Bridgeforth was given an

opportunity to correct his pleading deficiencies, to no avail.  *See Foman v. Davis*, 371 U.S. 178,

182 (1962) (The court may curtail or deny a request for leave to amend where there is "repeated

failure to cure deficiencies by amendments previously allowed" and there would be "futility of

amendment.").  The conclusory allegations do not support an entitlement to a claim for relief.

and the amended complaint does not meet the pleading requirements of *Twombly* and *Iqbal*.

For these reasons the court will dismiss the breach of contract and race discrimination

claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV.  CONCLUSION

For the above reasons, the court finds that amended complaint is frivolous and it will be

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Amendment of the amendment complaint

would be futile.  *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State

Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d

Cir. 1976).

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

Sept 2∫, 2010

Wilmington, Delaware

-7-